973 F.2d 801
 61 USLW 2147, 23 Bankr.Ct.Dec. 649, Bankr.
L. Rep. P 74,909
 In re John McGregor FULKROD, fdba J & D Enterprises, Dee's
Rental & Repair, and King's River Machine &
Repair, Debtor.
John McGregor FULKROD, Appellant,
v.
Anabele SAVAGE,* Trustee, Appellee.
 No. 91-15861.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 11, 1992.
Decided Aug. 27, 1992.
 
 Daniel S. Corder, Reno, Nev., for appellant.
 John A. White, Jr., White Law Chartered, Reno, Nev., for appellee.
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel.
 Before: GOODWIN, SCHROEDER and BEEZER, Circuit Judges.
 PER CURIAM:
 
 
 1
 We consider whether Chapter 12 of the bankruptcy code authorizes a debtor to make payments directly to creditors with claims modified by a plan of reorganization in order to avoid paying the bankruptcy trustee the statutory fee under 28 U.S.C. § 586. We hold that such fee avoidance is not authorized by statute.
 
 
 2
 John McGregor Fulkrod appeals a decision of the Bankruptcy Appellate Panel ("BAP") affirming an order of the bankruptcy court prohibiting direct payments to impaired creditors. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and we affirm.
 
 
 3
 * Fulkrod filed a plan of reorganization in the bankruptcy court under Chapter 12. The plan provided, in part, that Fulkrod would make payments directly to three creditors with impaired claims. The bankruptcy court refused Fulkrod's request and ordered that payments to the three creditors be made "through the standing trustee and [the trustee] is entitled to his statutory fee thereon." The BAP affirmed and this appeal followed.
 
 
 4
 We review decisions of the BAP de novo. In re Two S Corp., 875 F.2d 240, 242 (9th Cir.1989). We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. In re Rubin, 875 F.2d 755, 758 (9th Cir.1989).
 
 II
 
 5
 We begin our analysis with the unremarkable proposition that, in interpreting the relevant statutes, we should avoid a construction that renders superfluous the trustee fee provision or, for that matter, the trustee himself. See Central Mont. Elec. Power Co-op., Inc. v. Administrator, Bonneville Power Admin., 840 F.2d 1472, 1478 (9th Cir.1988) (avoiding statutory interpretation that rendered section superfluous); Hughes Air Corp. v. Public Util. Comm'n, 644 F.2d 1334, 1338 (9th Cir.1981) (avoiding construction that rendered statute meaningless).
 
 
 6
 Congress clearly intended that the trustee in bankruptcy play a significant role in the administration of estates under Chapter 12. Under 11 U.S.C. § 1202, the trustee is required to account for property received, ensure that the debtor makes timely payments, examine proof of claims, oversee the discharge of the debtor, furnish information concerning the estate, make a final report and accounting, appear at hearings and perform a host of other services for the debtor and the bankruptcy court.
 
 
 7
 As recompense for these services, the trustee receives, under 28 U.S.C. § 586(e)(1)(B)(ii), a percentage fee
 
 
 8
 (I) not to exceed ten percent of the payments made under the plan of such debtor, with respect to payments in an aggregate amount not to exceed $450,000; and
 
 
 9
 (II) three percent of payments made under the plan of such debtor, with respect to payments made after the aggregate amount of payments made under the plan exceeds $450,000.
 
 
 10
 The statute further provides that the trustee "shall collect such percentage fee from all payments received by such individual under plans in the cases under chapter 12 ... for which such individual serves as standing trustee." 28 U.S.C. § 586(e)(2).
 
 
 11
 If Congress had intended to fund the trustee out of the common burse, such a decision presumably would have been a valid exercise of its authority. Instead, Congress required that a percentage of the assets of the estate in bankruptcy fund the trustee, and, more specifically, a percentage of payments received by the trustee under the plan of reorganization. It is fairly certain that if the debtor is entitled to make direct payments to impaired creditors the trustee will receive nothing. This is hardly an outcome Congress could have intended. In this respect, we agree with the reasoning in Matter of Finkbine, 94 B.R. 461 (Bankr.S.D. Ohio 1988) which the BAP followed. See In re Fulkrod, 126 B.R. 584, 585-86 (Bankr. 9th Cir.1991).
 
 
 12
 Indeed, there is nothing in Chapter 12 that explicitly authorizes a debtor to make direct payments to impaired creditors. Although Fulkrod contends that 11 U.S.C. § 1225(a)(5)(B)(ii)[1] and 11 U.S.C. § 1226(c)[2] establish that Congress implicitly intended to permit debtors to make direct payments to impaired creditors, we think otherwise. As the court in Matter of Finkbine noted, those provisions merely recognize that the debtor may, as a disbursing agent, sign checks and make cash payments. Id. at 465. They most certainly do not explicitly or implicitly authorize the debtor to make direct payments on impaired claims to avoid paying the trustee a fee to administer an estate. While we recognize that there is a line of authority which allows a debtor to make direct payments on impaired claims without trustee compensation, see, e.g., In re Overholt, 125 B.R. 202, 210 (S.D. Ohio 1990), that authority fails to accord proper significance to the explicit language of 28 U.S.C. § 586 and the central importance of the bankruptcy trustee in the Chapter 12 statutory scheme. See Morrison-Knudsen Co., Inc. v. CHG Intern., Inc., 811 F.2d 1209, 1219 (9th Cir.1987) ("[I]t is well settled that, in interpreting a statute, the court will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute (or statutes on the same subject) and the objects and policy of the law").
 
 
 13
 Consequently, we now hold that Chapter 12 of the bankruptcy code does not authorize a debtor to make payments directly to creditors with claims modified by a plan of reorganization in order to avoid paying the bankruptcy trustee the statutory fee under 28 U.S.C. § 586. Although the BAP hinted that Chapter 12 might permit a debtor to make direct payments to impaired creditors without trustee compensation in certain limited circumstances, see In re Fulkrod, 126 B.R. at 588, that statement is neither necessary to its decision nor supported by statute.
 
 III
 
 14
 The judgments of the bankruptcy court and the BAP are AFFIRMED.
 
 
 
 *
 Anabele Savage is substituted for her predecessor, Edmund R. Barmettler, M.D., as Standing Chapter 12 Trustee. Fed.R.App.P. 43(c)(1)
 
 
 [1]
 11 U.S.C. § 1225(a)(5)(B)(ii) provides that the bankruptcy court shall confirm a plan of reorganization if, with respect to each allowed secured claim provided for by the plan, "the value, as of the effective date of the plan, of property to be distributed by the trustee or the debtor under the plan on account of such claim is not less than the allowed amount of such claim."
 
 
 [2]
 11 U.S.C. § 1226(c) provides that "[e]xcept as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan."